HENRY P. SIMMONS, PLAINTIFF IN ERROR, v. CITY OF PASSAIC, DEFENDANT IN ERROR.

1. The constitutional provision requiring compensation to be made for private property taken for public use, does not apply to lands taken for streets within municipalities, except to the extent that such compensation is required by their respective charters.
2. The compensation so prescribed is the measure of the land-owner's legal right, whether it be just or unjust.

On error to the Supreme Court.

This was an action of trespass. Proceedings had been taken, by virtue of the charter of the city of Passaic, for the opening of a street over the land of the plaintiff in error, who was also the plaintiff in the court below. An award of damages was made by the commissioners, and confirmed by the city council, no damages being awarded the plaintiff, as his benefits were deemed an equivalent, and thereupon the city

entered upon the land so taken, for the purpose of opening such street, and for this entry this suit was brought.

For the plaintiff in error, *Eugene Stevenson.*

For the defendant in error, *J. E. Stoutenburgh.*

The opinion of the court was delivered by

BEASLEY, CHIEF JUSTICE. This action is sought to be justified on the single ground that the proceedings which were taken to condemn the plaintiff's land for the purposes of a public street, were void, for the reason that they were violative of the constitutional rights of the plaintiff. It was admitted that such proceedings coincided, in all respects, with the provisions of the charter of the city, but the contention was, that such provisions were illegitimate in a constitutional sense. The clause of the constitution that was asserted to be violated, is the sixteenth section of Article I., which declares that " private property shall not be taken for public use without just compensation," and it was claimed that the damages awarded by the commissioners, in the process of condemning these premises, did not fulfill this requirement. By Section 61 of the charter of this city, (*Pamph. L.* 1873, *p.* 507,) it was enacted that when land was taken in laying a public street, the commissioners should make " an assessment of the damages," in the language of the clause, " that any such owner or owners will sustain, by taking and appropriating, in the manner aforesaid, such lands and real estate ; and in estimating and assessing such damages, the said commissioners shall have due regard both to the value of the lands and real estate, and to the injury or benefit to the owner or owners thereof, by making such improvement as aforesaid."

It thus appears, that what the legislature directed to be given the land-owner for his property, when appropriated for public purposes, was the difference between the value of the land taken and the benefits conferred by such improvement on the other property of such land-owner. In the present

instance, as the commissioners reported that they estimated that the plaintiff's benefits were greater than his damages, there was nothing further awarded to him. Hence this contention, the plaintiff's counsel insisting that these benefits are not the "just compensation" required by the provision of the constitution just referred to.

The general subject as to what is "just compensation," when lands are condemned for public easements, in cases where such compensation is called for by force of constitutional provisions, is discussed at large, and with satisfactory learning, in the briefs of counsel; but such discussion seems to me inapposite on the present occasion. The reason of this view is, that I do not find that, if we take into view the entire clause of the constitution that is here invoked, the city of Passaic is required, by force of it, to make just compensation for the land appropriated by this procedure. According to the construction which I put upon this enactment of the constitution, all land required for streets within any of the municipalities of the state, may be taken for such uses, upon paying for such land the price fixed by the respective charters, no matter whether such price be adequate or inadequate, just or unjust. This seems to me undeniable, when we look at the constitutional clause in question. That entire clause reads thus: "Private property shall not be taken for public use without just compensation, *but land may be taken for public highways, as heretofore, until the legislature shall direct compensation to be made.*"

Antecedent, therefore, to the constitution of 1844, both urban and rural lands could be appropriated at the legislative will, as public highways, without awarding any equivalent for the property thus sequestered. The provisions of the charters of the various cities were considerably variant in this respect, some requiring a larger return than others did for the lands so acquired, but there was no compulsion in law that any return whatever should be so made. It was not until the passage of the supplement to the road act, (*Rev., p.* 998, *pl.* 13,) that the owners of lands taken for public high-

ways by the action of the surveyors of the highways, received compensation for their property so condemned.   But these provisions had no relation to any other highways than those authorized by the general road act, to which this law was a supplement.   They had nothing to do with the lands authorized by force of the powers given in the charters of cities, to be taken for streets by municipal officers.   The consequence is, that unless the provisions contained in such charters are to be considered as the legislative direction, contemplated in the clause of the constitution just quoted, the result would be that there is no requirement proceeding from that instrument that any compensation whatever is to be made when municipal land is taken by the public for the purpose in question.   But I have no doubt that a direction contained in one of such charters, enacted since the year 1844, to pay for lands taken for the street of a city, would be looked upon as an act done by the legislature in pursuance of this constitutional clause.   But it is obvious that the land-owner must look to the legislative act as well as to the constitution, for the existence of his right to compensation, for it is only when the legislature has so willed it, that the constitutional clause relied on, within the domain in question, has vitality.   In the present case, the legislature has fixed the standard of compensation; that standard must be accepted by the land-owner as the measure of his right, for his entire claim to compensation must be derived by him through this statute. To repudiate such statute would have the effect of leaving the constitution, in this respect, entirely inoperative as to that portion of his property now in question.

The plaintiff was properly non-suited at the Circuit, and that judgment should be affirmed.

*For affirmance*—THE CHIEF JUSTICE, DEPUE, KNAPP, MAGIE, PARKER, REED, SCUDDER, VAN SYCKEL, CLEMENT, COLE, DODD—11.

*For reversal*—None.